IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CELESTE WOOLEY, as Widow of the Decedent and as Personal Representative of the ESTATE OF VICTOR WOOLEY<br><br>    Plaintiff,<br><br>CELESTE WOOLEY, as Guardian and Next Friend of ANGELICA WOOLEY, ISABELLA WOOLEY, MICHAEL WOOLEY, VICTOR WOOLEY III, and DANIEL WOOLEY, minor children<br><br>    Plaintiffs,<br><br>    v.<br><br>CLEAR TRUCKING, &<br>TIMOTHY A MEDICINE HORN Jr.<br>Employee/Agent of Clear Trucking<br><br>    Defendants. | CIVIL ACTION<br><br>CASE NO.<br><br>COMPLAINT FOR DAMAGES<br>AND DEMAND FOR JURY TRIAL<br><br>*Jury Trial Requested at Omaha Location* |

**COMES NOW** Plaintiff, Celeste Wooley as personal representative for the Estate of Victor Wooley and Guardian and Next Friend of minor children Angelica Wooley, Isabella Wooley, Michael Wooley, Victor Wooley III, and Daniel Wooley, by and through her Attorney, Elaine A. Waggoner, and for her cause of action against the Defendants, Plaintiff alleges and states the following:

**I. JURISDICTION AND VENUE**

1. Subject Matter Jurisdiction is proper, pursuant to 28 U.S. Code § 1332 (a)(1), as the parties are diverse and the amount in controversy exceeds $75,000. For purposes of jurisdiction, Defendants

reside in South Dakota and Plaintiff resides in Nebraska.

2. Personal Jurisdiction is proper, pursuant to Neb. Rev. Stat. 25-536(1) and (2) (Nebraska's Long-Arm Statute), as all Defendants either acted directly or through agents causing tortious injury by an act or omission within the State of Nebraska or have sufficient contacts with the State of Nebraska to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States.

3. Venue is proper, pursuant to 28 U.S. Code 1391 (b)(2), as all of the events giving rise to the claim occurred on Nebraska I-80, mile marker 101, in Deuel County, Nebraska.

## II. THE PARTIES

4. Plaintiff Celeste Wooley, Decedent's Widow and Personal Representative for the Estate of Victor Wooley, is an adult and is and was at all times pertinent to this action a resident of Sidney, Deuel County, Nebraska. Plaintiff Celeste Wooley is and was at all times pertinent to this action Guardian and Next Friend of Decedent's minor children, who are entitled to recover for the wrongful death of their father:

   a. *Angelica Wooley* – Daughter

   Age on May 1, 2016: 16 years

   b. *Isabella Wooley* – Daughter

   Age on May 1, 2016: 13 years, 7 months

   c. *Michael Wooley* – Son

   Age on May 1, 2016: 11 years, 10 months

   d. *Victor Wooley* – Son

   Age on May 1, 2016: 14 years, 2 months

   e. *Daniel Wooley* – Son

Age on May 1, 2016: 16 years, 10 months

5. Defendant Clear Trucking, was at all times pertinent to this action a for-profit trucking entity operated out of Volin, South Dakota, and owned by Sadie Clark.

6. Defendant Clear Trucking was doing business in interstate commerce with the State of Nebraska, and, at the time of the collision, was transporting cattle to the State of Nebraska from the State of Idaho.

7. Defendant Timothy A. Medicine Horn Jr. (Hereafter "Defendant Medicine Horn") is and was at all times pertinent to this action a resident of Murdo, South Dakota, and an employee of Defendant Clear Trucking.

8. Defendant Medicine Horn was acting within his scope of employment for Defendant Clear Trucking when the collision occurred which killed Victor Wooley.

### III. THE FACTS

9. At approximately 1:00 a.m. on May 1, 2016, Victor Wooley, Decedent, was situated in the front passenger seat of his own vehicle, a 1997 blue Dodge Caravan. The vehicle, operated by a person not a party to this suit, was traveling eastbound on Interstate 80 in Deuel County, Nebraska.

10. At the time, date, and place aforesaid, Defendant Medicine Horn, acting within his scope of employment for Defendant Clear Trucking, and operating a Clear Trucking semi tractor-trailer, was closely following Victor's vehicle and was also traveling eastbound on Interstate 80 in Deuel County, Nebraska. The truck bore a heavy shifting load of 58 head of cattle.

11. At the time, date, and place aforesaid, Defendant Clear Trucking owned the tractor-trailer vehicle operated by Defendant Medicine Horn and employed Defendant Medicine Horn as a tractor-trailer driver for purposes of interstate commerce.

12. At the time, date, and place aforesaid, Interstate 80 was under construction, and thereby

constituted a construction zone as recognized by Nebraska statutes, with only one lane of traffic permitted in either direction. Plaintiff avers that there were warning signs of the construction zone ahead as well as reduced-speed-limit signs prior to approaching the construction zone.

13. The police report states that conditions were poor at the time, date, and place aforesaid. The road was wet with rainwater and ice, there were mud puddles and standing water, it was sleeting and raining, and the temperature was fluctuating at or below freezing.

14. While in the construction zone, Victor's vehicle, due to the inclement conditions and road construction, swerved to the right, came back into the lane, and then swerved again to the right. The van returned to the road a second time, this time crossing into oncoming traffic. The driver of the vehicle overcorrected bringing the vehicle back into the correct lane but stopping perpendicular to the flow of traffic and exposing the passenger side of the vehicle (Decedent's side) to Defendant's semi-truck traveling closely behind.

15. The police report records that Defendant Medicine Horn saw Decedent's van in front of him begin to lose control and that Defendant Medicine Horn started braking. Defendant Medicine Horn admitted he could not come to a stop quickly enough to avoid colliding with Decedent's van partially due to Defendant's heavy load of cattle. Defendant Medicine Horn further admitted that he had been following only one truck-length behind when he saw the van lose control. Defendant Medicine Horn did not turn to the left or the right to avoid colliding with the van. Defendant Medicine Horn did not execute any emergency maneuver to avoid colliding with the van. Defendant Medicine Horn was following too closely to avoid colliding with the van.

16. Defendant Medicine Horn failed to observe and take necessary precautions for driving in a work zone; failed to observe and take necessary precautions for driving a heavy shifting load of cattle; failed to observe and take necessary precautions for driving in adverse conditions of snow,

sleet, ice, mud, and darkness; and failed to observe and take necessary precautions for following another vehicle under such conditions. Defendant thereby failed to keep his tractor-trailer under control and proceeded at an unsafe speed and/or at an unsafe following distance which created the precarious situation in which he was unable to stop his tractor-trailer without violently colliding with Decedent's vehicle. Defendant Medicine Horn drove his tractor-trailer into the passenger side of Decedent's Dodge van, brutally crushing Decedent, and killing him.

17. Decedent Victor Wooley experienced extreme pain and suffering from being painfully crushed by the heavy tractor-trailer operated by Defendant Medicine Horn, resulting in his death.

18. Defendant Medicine Horn's conduct outlined above was the legal and proximate cause of the wrongful death of Decedent Victor Wooley. Decedent would not have perished but for the conduct of Defendant Medicine Horn.

19. Defendant Medicine Horn, in causing the wrongful death of Decedent, deprived Decedent's five minor children of the companionship, support, instruction, assistance, association, care, comfort, counsel, society, and services their loving father would have provided during his life expectancy.

20. Defendant Medicine Horn, in causing the wrongful death of Decedent, deprived Decedent's widow, Plaintiff Celeste Wooley, of the companionship, support, instruction, assistance, association, care, comfort, counsel, society, and services her loving husband would have provided during his life expectancy.

21. Due to the conduct of Defendant Medicine Horn, Victor Wooley's vehicle was totaled, rendering the vehicle valueless.

### IV. CAUSES OF ACTION

#### COUNT 1 - NEGLIGENCE CAUSING WRONGFUL DEATH

(DEFENDANT MEDICINE HORN)

Plaintiff hereby incorporates Paragraphs 1-21 of this Complaint as though same were set forth fully and at length herein.

22. At the time, date, and place aforesaid, Defendant Medicine Horn was subject to at least the following duties of care:

(A) to take reasonable steps to ensure the safety of fellow Interstate travelers;

(B) to obey the traffic laws and rules of the road of the State of Nebraska;

(C) to be aware of actual and potential hazardous road conditions;

(D) to exercise the higher degree of care required of commercial drivers;

(E) to reasonably adjust his speed in order to reduce the danger of hazardous road conditions ;

(F) to reasonably adjust his following distance in order to reduce the danger of hazardous road conditions;

(G) to maintain a following distance that would allow him to come to a stop without colliding with obstacles in his range of vision;

(H) to adjust his driving in accordance with the construction zone, the adverse weather conditions, the heavy load of cattle, the darkness, and all other hazards that were apparent the night Decedent was killed;

(I) to refrain from driving while overly fatigued and/or in violation of federal maximum driving time requirements for tractor-trailer drivers; and

(J) to otherwise act with the reasonable care required of him under the circumstances.

23. Many of the above legally applicable duties of care are statutory constructs or the result of Nebraska case law, as demonstrated and outlined in Paragraphs 24-29:

24. Nebraska Revised Statute § 60-6, 140(1) provides that "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, and such driver shall have due regard for the speed of such vehicles and the traffic upon and the condition of the roadway."

25. Nebraska Revised Statute § 60-6, 185 provides that "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. A person shall drive at a safe and appropriate speed . . . when special hazards exist . . . by reason of weather or highway conditions."

26. Nebraska Revised Statute § 60-6, 186 provides the maximum speed limits for drivers in Nebraska, "except when a special hazard exists that requires lower speed."

27. Nebraska Revised Statute § 60-6, 188(1) provides that "The maximum speed limit through any . . . construction zone on the state highway system shall be thirty-five miles per hour."

28. Nebraska case law presumes that a driver is negligent *per se* when he or she is following so closely that he or she is unable to stop or turn the vehicle aside without colliding with an object or obstruction within the operator's range of vision. This Nebraska common law rule is known as the "Range of Vision" rule.

29. The standard of care required of tractor-trailer and other commercial drivers is higher than that required of ordinary drivers and is Federally regulated. C.F.R. § 392.14 provides the standard of care required of tractor-trailer drivers in hazardous conditions, including those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, which adversely affect visibility or traction. C.F.R. §§ 383.110-383.111 provides the standard of care required of drivers during extreme driving conditions, in perceiving hazards, in executing emergency maneuvers, in executing skid control and recovery, and in minding the relationship between the vehicle and the cargo being carried and making

adjustments in accordance.

30. Defendant Medicine Horn breached any or all of the above duties and standards of care by failing to adjust his speed and/or following distance in response to the hazards outlined above, failing to maintain a safe following distance, failing to obey the laws and rules of the State of Nebraska, failing to reduce the speed of his truck to avoid a collision, and by failing to control the vehicle in order to avoid a collision.

31. Defendant Medicine Horn was further negligent or reckless in failing to ensure he was driving in a safe and alert condition. Defendant Medicine Horn was negligently or recklessly driving while sleep-deprived, fatigued, and/or otherwise exhausted and therefore not in the physical and mental state needed to properly and safely operate a tractor-trailer on the Interstate. Defendant Medicine Horn's sleep-deprived, fatigued, and/or otherwise exhausted state is evidenced by his violating Federal regulations concerning the maximum driving time for tractor trailer-drivers at the time of the collision.

32. In the hours before the collision, Defendant Medicine Horn had driven an eight-and-one-half-hour driving segment, in violation of 49 C.F.R. 395.3(a)(3)(ii), which requires that tractor-trailer drivers not drive more than eight hours without immediately taking at least a thirty minute break.

33. Further, at the time of the collision, Defendant Medicine Horn had been on the road a total of eleven hours–the maximum amount of time that can be driven between federally required, ten-hour breaks, as prescribed by 49 C.F.R. 395.3(a)(3)(i).

34. Defendant Medicine Horn intended to finish his trip without taking any more breaks, in violation of the Federal regulations. The collision occurred less than a two-hour drive from Defendant Medicine Horn's final destination of Ogallala, Nebraska.

35. All of the damages identified in Paragraphs 16-21 and 56–70 were legally and

proximately caused by the aforementioned negligence of Defendant Medicine Horn and his breach of the applicable duty of care, and were incurred without contributory negligence or assumption of the risk on the part of Decedent, Victor Wooley.

WHEREFORE, Plaintiff Celeste Wooley, demands judgment against Defendant Medicine Horn in the amount of not less than One Million Three-Hundred Thousand Dollars ($1,300,000.00) plus costs, pre-judgment interest, and post-judgment interest as the Court deems appropriate.

COUNT II - NEGLIGENCE CAUSING WRONGFUL DEATH

(DEFENDANT CLEAR TRUCKING)

Plaintiff hereby incorporates Paragraphs 1-35 of this Complaint as though same were set forth fully and at length herein.

36. At the time, date, and place aforesaid, Defendant Clear Trucking was subject to at least the following duties of care:

(A) to take reasonable steps to ensure the safe, proper, responsible, and non-negligent operation of its tractor trailers by its agents.

(B) to properly train Defendant Medicine Horn in safely, properly, and responsibly operating its tractor-trailers.

(C) to monitor Defendant Medicine Horn's operation of its tractor-trailers.

(D) to properly inspect the tractor-trailer driven by Defendant Medicine Horn.

(E) to ensure the proper licensor and documentation of the tractor-trailer driven by Defendant Medicine Horn.

(F) to properly repair and maintain the tractor-trailer driven by Defendant Medicine Horn.

(G) to otherwise act with reasonable care under the circumstances.

37. Defendant Clear Trucking breached these duties of care by, among other things, permitting Defendant Medicine Horn (1) to operate its vehicle negligently under hazardous conditions, (2) to follow at an unsafe distance, (3) to fail to take reasonable steps to avoid a violent collision which caused the brutal death of Decedent, (4) to operate the tractor-trailer on the Interstate without possessing the proper licensor and/or documentation, and (5) to operate its tractor-trailer in violation of Federal regulations regarding safe hours of operation and actual driving time, that is, to drive while sleep-deprived, fatigued, and/or otherwise exhausted and therefore not in a physical and mental state necessary to properly operate a tractor trailer on the Interstate.

38. Defendant Clear Trucking's negligence was the legal and proximate cause of Decedent Victor Wooley's suffering extreme pain and eventual death.

39. All of the damages identified in Paragraph's 16-21 and 56-70 were legally and proximately caused by the aforementioned negligence of Defendant Clear Trucking and were incurred without contributory negligence or assumption of the risk on the part of Decedent, Victor Wooley.

WHEREFORE, Plaintiff, Celeste Wooley demands judgment against Defendant Clear Turcking in the amount of One Million Three-Hundred Thousand Dollars ($1,300,000.00) plus costs, pre-judgment interest, and post-judgment interest as the Court deems appropriate.

COUNT III - NEGLIGENT ENTRUSTMENT CAUSING WRONGFUL DEATH
(DEFENDANT CLEAR TRUCKING)

Plaintiff hereby incorporates Paragraphs 1-39 of this Complaint fully as if the allegations were set forth fully herein.

40. Defendant Clear Trucking knew or had reason to know, from previous experience with Defendant Medicine Horn's negligent and reckless driving, that Defendant Medicine Horn was likely

to drive his truck in a negligent or reckless manner on May 1, 2016.

41. Defendant Clear Trucking knew or had reason to know, from previous experiences with Defendant Medicine Horn's negligent and/or reckless driving during his employment with Defendant Clear Trucking, that Defendant Medicine Horn's operation of a tractor trailer posed an unreasonable risk of substantial bodily injury or death on May 1, 2016.

42. Defendant Clear Trucking recklessly or negligently provided Defendant Medicine Horn with the dangerous instrumentality, a tractor-trailer, which Defendant Medicine Horn was not competent, responsible, or fit to operate; and which caused the wrongful death of Decedent.

43. As the employer of Defendant Medicine Horn, Defendant Clear Trucking had the right to permit and the power to prohibit Defendant Medicine Horn from using the tractor-trailer which killed Decedent on May 1, 2016, and recklessly or negligently permitted Defendant Medicine Horn to operate its tractor trailer on May 1, 2016.

44. Defendant Clear Trucking recklessly or negligently entrusted Defendant Medicine Horn with the operation of its tractor trailer, and Defendant Medicine Horn did in fact operated said vehicle owned by Defendant Clear Trucking in a negligent and reckless manner, and this negligent entrustment legally and proximately resulted in Decedent suffering immense pain when he was crushed by Defendant's tractor trailer, and resulted in Victor Wooley's wrongful death.

45. All of the damages identified in Paragraphs 16-21 and 56-70 were legally and proximately caused by Defendant Clear Trucking negligently entrusting Defendant Medicine Horn with the operation of a dangerous instrumentation in the form of a tractor-trailer and were incurred without contributory negligence or assumption of the risk on the part of Victor Wooley

WHEREFORE, Plaintiff, Celeste Wooley demands judgment against Defendant Clear Truckling and/or Defendant Medicine Horn in the amount of One Million Three-Hundred Thousand

Dollars ($1,300,000.00) plus costs, pre-judgement interest, and post-judgement interest as the Court deems appropriate.

COUNT V - NEGLIGENT HIRING AND RETENTION CAUSING WRONGFUL DEATH

(DEFENDANT CLEAR TRUCKING)

Plaintiff hereby incorporates Paragraphs 1-45 of this Complaint as though same were set forth fully and at length herein.

46. Defendant Clear Trucking had a duty to use reasonable care to hire only an employee who was competent, responsible, and fit to perform the duties required of an over-the-road truck driver and observe the legally applicable standards of care. Defendant Clear Trucking owed such duty to Plaintiff and such duty was breached.

47. Defendant Clear Trucking knew, or should have known, that Defendant Medicine Horn would be likely to operate a motor vehicle in a negligent and reckless manner or abuse Federally regulated maximum driving time standards; and Defendant Clear Trucking did or should have gained such knowledge through the process by which Defendant Medicine Horn was selected for hiring.

48. Defendant Clear Trucking knew, or should have known, that Defendant Medicine Horn was not competent or fit for the duties required of him as an over-the-road driver; and Defendant Clear Trucking did or should have gained such knowledge through the process by which Defendant Medicine Horn was selected for hiring.

49. Defendant Clear Trucking breached its duty to hire only an employee who was competent, responsible, and fit to perform necessary trucking duties when Clear Trucking selected and retained an employee that was incompetent, irresponsible, and unfit for the position; and in hiring an employee, Defendant Medicine Horn, who did, in fact, cause the substantial injury and death of Decedent by the negligent operation of Clear Trucking's tractor-trailer.

50. As a result of Defendant Clear Trucking's negligence in hiring and retaining Defendant Medicine Horn, Plaintiff suffered substantial bodily injury and was crushed and killed as alleged.

51. All of the damages identified in Paragraphs 16-21 and 56-70 were legally and proximately caused by Defendant Clear Trucking negligently hiring and retaining Defendant Medicine Horn and were incurred without contributory negligence or assumption of the risk on the part of Victor Wooley.

WHEREFORE, Plaintiff Celeste Wooley, demands judgment against Defendant Clear Trucking in the amount of One Million Three-Hundred Thousand Dollars ($1,300,000.00) plus costs, pre-judgment interest, and post-judgment interest as this Court deems appropriate.

### COUNT VI - RESPONDEAT SUPERIOR
### (DEFENDANT CLEAR TRUCKING)

Plaintiff hereby incorporates Paragraphs 1-51 of this Complaint as though same were set forth fully and at length herein.

52. Under the doctrine of *respondeat superior*, an employer is held vicariously liable for the negligent acts of an employee committed while the employee was acting within the scope of the employer's business.

53. The above-described acts of Defendant Medicine Horn were committed while he was acting as an agent, servant, and or employee of Defendant Clear Trucking.

54. The above-described acts of Defendant Medicine Horn were committed within the scope of his employment and while furthering the business interests of Defendant Clear Trucking in delivering a load of cattle for Defendant Clear Trucking's profit.

55. As the master, superior, and/or employer for Defendant Medicine Horne, Defendant Clear Trucking is responsible for all of the acts and damages committed by Defendant Medicine

Horn within the scope of his employment and while furthering the business interests of Defendant Clear Trucking. In particular, Defendant Clear trucking is jointly liable for the negligence of Defendant Medicine Horn and the substantial bodily injury and wrongful death of Decedent, Victor Wooley, which was legally and proximately caused by Defendant Medicine Horn's negligence, as well as all other damages identified in Paragraphs 16-21 and 56-70.

WHEREFORE, Plaintiff Celeste Wooley, demands judgment against Defendant Clear Trucking in the amount of One Million Three-Hundred Thousand Dollars ($1,300,000.00) plus costs, pre-judgment interest, and post-judgment interest as this Court deems appropriate.

## MEASURE OF DAMAGES

56. At the time of his death, Decedent was 35 years old, with a life expectancy of 42.6 years, if not for the negligence of Defendants. He was a loving father and the primary provider for his family, including his five minor children. Prior to his death, Decedent was gainfully employed.

57. At the time of his death, Victor was father of and primary provider for five minor children. Decedent left surviving him the following minor children entitled to recover damages for or on whose behalf this action is brought:

    a.    *Angelica Wooley* – Daughter

           Age on May 1, 2016: 16 years

    b.    *Isabella Wooley* – Daughter

           Age on May 1, 2016: 13 years, 7 months

    c.    *Michael Wooley* – Son

           Age on May 1, 2016: 11 years, 10 months

    d.    *Victor Wooley* – Son

           Age on May 1, 2016: 14 years, 2 months

   e.  ***Daniel Wooley*** – Son

    Age on May 1, 2016: 16 years, 10 months

58. At the time of his death, Victor was married to Plaintiff, Celeste Wooley, Widow and Personal Representative for the Estate of her husband, Victor Wooley. Celeste is entitled to recover damages for or on whose behalf this action is brought.

59. By reason of the death of Decedent, the Widow, Celeste Wooley, and her five children, Angelica, Isabella, Michael, Victor, and Daniel have suffered pecuniary loss, and the Estate of the Decedent has incurred expenses for Letters of Administration, medical expenses, and funeral and burial costs.

60. By reason of the death of the Decedent, Decedent's Estate has been deprived of the value of the accumulation that the Decedent would have made to his Estate, had he lived out his life expectancy.

61. By reason of the death of the Decedent, Decedent's widow and five children have been deprived of the Decedent's aid, assistance, association, care, comfort, counsel, society, and services, as a husband and father.

62. Because Victor's five children have struggled immensely with the death of their father, Plaintiff considers counseling a necessary investment to secure the well-being of Victor's children and enable them to cope without their loving father.

63. The collision rendered Victor's vehicle entirely valueless. Victor's vehicle was a 1997 Dodge Caravan currently valued at $2,900.

64. Victor likely experienced extreme pain and suffering when he was crushed by Defendant's semi truck.

65. Victor's postmortem medical procedures totaled $5,900.

70. Victor's funeral costs totaled $2,510.

## FINAL PRAYER

**WHEREFORE,** Plaintiff prays for judgement against Defendant (1) for special damages and (2) for general damages: damages shall include (1) all costs associated with damage to Victor's 1997 Dodge Caravan valued at $2,900.00, funeral expenses in the amount of $2,510.00, postmortem medical bills totaling $5,900.00; and (2) compensation to Victor's five children for the loss of companionship with their father, compensation to Victor's wife for the loss of consortium and companionship with her husband, compensation for Victor's pain and suffering, and all of Victor's lost income resulting from his death. Damages shall not be less than One Million Three-Hundred Thousand Dollars ($1,300,000).

DATED this 20th DAY OF September, 2017

                                            CELESTE WOOLEY, Plaintiff
BY: /s/ Elaine A. Waggoner #15781
       Elaine A. Waggoner, #15781
       WAGGONER LAW OFFICE
       715 S. 14th St.
       Lincoln, NE 68508
       (402) 475-3597
       eaw@waggonerlawoffice.com

**DEMAND FOR JURY TRIAL AND TRIAL LOCATION**

Plainiff demands a trial by jury of all claims asserted in this Complaint and that the trial be conducted in Omaha, Nebraska.

DATED this 20th DAY OF September, 2017

|  |  |
|---|---|
|  | CELESTE WOOLEY, Plaintiff |
| BY: | /s/ Elaine A. Waggoner #15781 |
|  | Elaine A. Waggoner, #15781 |
|  | WAGGONER LAW OFFICE |
|  | 715 S. 14th St. |
|  | Lincoln, NE 68508 |
|  | (402) 475-3597 |
|  | eaw@waggonerlawoffice.com |